IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO BARBOZA, JR.

        Petitioner,                  No. CIV S-10-1769 MCE EFB P

    vs.

R. HILL,

        Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

      Petitioner is a state prisoner proceeding *in propria persona* with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a prison disciplinary conviction that resulted from a rules violation report issued against him on June 13, 2007, while he was imprisoned at Folsom State Prison. Petitioner seeks relief on due process grounds, claiming that the evidence was insufficient to support his conviction for distribution of a controlled substance (heroin). Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

**I.    Background**

      On June 13, 2007, Correctional Officer A.S. Guzman wrote a rules violation report charging petitioner with "distribution of a controlled substance (heroin)," in violation of Cal.

////

1

Code Regs. tit. 15, § 3016(c), a serious Division A-2 offense.  Dckt. No. 11-1 at 12.  Officer Guzman alleged that:

> On Wednesday, June 13, 2007, at approximately 0900 hours, Investigative Services Unit (ISU) received a Controlled Substance Analysis Report from the Sacramento County Laboratory of Forensic Services containing the following results: The following test was conducted; Froehide, gas chromatography/mass spectrometry, Marquis, Mecke, the sample contained heroin (discetylmorphine), net weight 2.77 grams.  This test was initiated based on the following:
>
> On Thursday, May 17, 2007, at approximately 1040 hours, Investigative Services Unit (ISU), at Folsom State Prison (FSP), reported to the Triage Treatment Area, (TTA), in response to the possible drug overdose of an inmate.  Upon arriving at the TTA, I identified the inmate as BARBOZA P-29628, housed in Cell 5/AA1-36.  I immediately reported to inmate BARBOZA's assigned cell and conducted a cell search.
>
> During the course of the search, I discovered on the shelf of a locker, a brown substance, I suspected to be heroin, along with a plastic spoon, which contained a small piece of cotton, which appeared to be stained with heroin.  The locker where I discovered the heroin, contained Inmate BARBOZA's personal property, which included letters addressed to BARBOZA as well as a package of medication with Inmate BARBOZA's name and CDCR number written on it.  I photographed the suspected heroin, along with the spoon and the medication package, showing Inmate BARBOZA's name.  I placed the contraband into a latex glove and secured it in my pocket.  I completed the search, producing no further contraband.  At approximately 1300 hours, I reported to the ISU Office to test the suspected heroin.  The suspected heroin weighed 3.0 grams inclusive with packaging.  Utilizing the Narcotics Identification Kit (NIK) test L, I tested a small amount of the suspected heroin, which produced a green color change indicating a presumptive positive result for heroin.  This amount of heroin is consistent with distribution of a controlled substance.  I photographed the heroin and processed it along with the photographs into evidence per institutional procedures.  I secured the evidence into ISU evidence locker #3.  **Inmate BARBOZA is not a participant in the Mental Health Program at Folsom State Prison.  Inmate BARBOZA's TABE score is above 4.0.**

*Id.* at 12-13. (emphasis in original.)

The disciplinary hearing on the rules violation report commenced on September 20, 2007.  *Id.* at 14.  Petitioner appeared before the Senior Hearing Officer, stated he was in good

2

health, acknowledged receipt of all reports to be used as evidence, and stated he was ready to proceed with the hearing. *Id.* The charges against petitioner were read to him and he acknowledged understanding those charges. *Id.* Petitioner pled not guilty and declined to make a statement. *Id.* He did not call any witnesses. *Id.* However, in response to questions posed by the Senior Hearing Officer, petitioner admitted that he overdosed on illegal narcotics and that the narcotics in the cell belonged to him. *Id.* However, he stated the narcotics were "for personal use." *Id.*

Petitioner was found guilty of the charged offense of distribution of heroin. *Id.* The decision was based on the rules violation report, petitioner's partial admission to the charge at the disciplinary hearing, and the contents of a supplemental report. *Id.* The supplemental report contained answers to questions posed to Correctional Officer Guzman, as follows:

> a) Q1: What is your professional experience? A1: 12 years as an Officer at FSP. 3 years as an ISU Officer, during which time I received training in Drug Interdiction. I have investigated numerous drug cases, interviewed numerous inmates regarding narcotic activities, including but not limited to usable amounts, prices in prison, and common methods of trafficking.
>
> b) Q2: In your experience as a Drug Interdiction Officer, what determines the charge of possession versus distribution? A2: A common amount for an inmate to purchase for personal consumption would be a small amount such as a $50.00 paper or piece.
>
> c) Q3: What is the typical amount an individual inmate would have in their possession for personal use? A3: The amount Inmate BARBOZA was caught in possession was worth approximately $600.00 (3 grams) it could be cut and sold for much more.

*Id.* at 15. As a result of his conviction, petitioner was assessed a 180 day credit forfeiture and was placed on mandatory drug testing. *Id.* at 16.

On November 19, 2008, petitioner challenged his disciplinary conviction in a petition for writ of habeas corpus filed in the California Superior Court. Dckt. 11-1. The Superior Court denied the petition, reasoning as follows:

////

Petitioner is challenging the outcome of disciplinary proceedings that took place with respect to 115 Rules Violation Report (RVR) log number 507-06-002. Specifically, he contends that the evidence was insufficient to support a finding of guilt for the charge of distribution of a controlled substance (Heroin) and asserts that, at most, the evidence could support a finding of simple possession.

An inmate is found guilty at a disciplinary hearing based upon a preponderance of the evidence standard. Due process requires that the findings of a disciplinary board be upheld if the decision is supported by "some evidence." (*Superintendent v. Hill* (1985) 472 U.S. 445, 454.) *Hill* expressly states that in applying the "some evidence" standard, courts are not required to examine the entire record, independently assess credibility of witnesses, or weigh the evidence. (*Id.*, at p. 455.) The court must only decide if there is any evidence in the record that would support the conclusion reached. (*Id.* at pp. 455-456.)

Contrary to petitioner's belief, the record of the disciplinary hearing contains "some evidence" to support the SHO's finding of guilt. Correctional officers found 2.77 grams of heroin in his possession and an expert witness essentially stated that this amount indicates possession for distribution. That petitioner claimed that the heroin was for personal use only and that correctional officials did not find other evidence of distribution, such as pay-owe sheets, excessive canteen items, packaging materials, or confidential information, is not a sufficient basis for overturning the finding as the courts have held that the standards that apply with respect to disciplinary proceedings are significantly more lenient that [sic] those applied with respect to criminal convictions. (*In re Zepeda* (2006) 141 Cal.App.4th 1493, 1499.) "Implicit in the 'some evidence' standard of review is the recognition that due process requirements imposed by the federal Constitution do not authorize courts to reverse prison disciplinary actions simply because, in the reviewing court's view, there is a realistic possibility the prisoner being disciplined is not guilty of the charged infraction." (*In re Zepeda, supra*, at p. 1498.) "Thus, to withstand court scrutiny for federal due process purposes, there is simply no requirement that the evidence 'logically precludes any conclusion but the one reached by the disciplinary [official].' . . . Rather, all that is required is "some evidence from which the conclusion of the [official] could be deduced."" (*In re Zepeda, supra*, at p. 1499, citing to *Superintendent v. Hill, supra* at p. 456.)

*Id.*

////

////

4

Petitioner subsequently challenged his disciplinary conviction in petitions for a writ of habeas corpus filed in the California Court of Appeal and California Supreme Court. Dckt. Nos. 11-3, 11-4. Those petitions were summarily denied. Dckt. Nos. 11-5, 11-6.

**II.     Analysis**

    **A. Standards for a Writ of Habeas Corpus**

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of applying § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the state court decision. *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (*citing Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Nonetheless, "circuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).

5

A state court decision is "contrary to" clearly established federal law if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[1] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002 (9th Cir. 2004). In this regard, a federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*,131 S. Ct. at 786-87.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*,

---

[1] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

6

527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, this court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington*, 131 S. Ct. at 784-85. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853. Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Harrington*, 131 S. Ct. at 784.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook,* 333 F.3d 1052, 1056 (9th Cir. 2003).

**B. Petitioner's Due Process Claim**

Petitioner claims that the evidence introduced at his disciplinary proceeding was insufficient to support "the elevated finding of distribution versus possession." Dckt. No. 1 at 4. He argues that the evidence established only that he was guilty of possession of heroin. *Id.* He contends that "there is no evidence of distribution in the record, that the evidence discovered only supports a possession charge, that the 'common amount' of dosage varies by individual drug user, [and] that there was no evidence of 'pay/owe sheets', drug sales paraphernalia or other evidence to support the greater charges." *Id.* Petitioner also argues that the questions contained in the supplemental report, which provided partial support for his conviction, were "by design speculation, prejudicially inculpatory, and leading." Dckt. No. 14 at 8. He explains that the question of whether an individual is distributing heroin depends on many factors, including the individual's tolerance to the drug, "how much money a person had at their disposal," and the "quality of the heroin at issue," and not just on the amount of heroin the individual possessed at a given time. *Id.* at 8-9. Petitioner claims that Officer Guzman was not asked "pertinent and relevant" questions regarding all of the factors that determine whether an individual possesses drugs for personal use or for distribution. *Id.* at 9. He argues that his possession of heroin, standing alone, is insufficient to support his conviction because "there is no evidence of distribution admitted into the record of this case." *Id.* He contends that he should have been found guilty of simple possession of heroin because this is what he "is actually guilty of, admitted to, and what the evidence introduced into the record supports." *Id.* at 10. He also argues that the guilty finding was "made with a malicious and vindictive intent." *Id.*

Finally, petitioner argues that there was insufficient evidence introduced at the disciplinary hearing regarding Officer Guzman's credentials and his qualification to offer an expert opinion on what constitutes distribution of narcotics. He alleges that there was insufficient evidence Officer Guzman had "a credible scientific basis for his testimony about the use of the contraband heroin." *Id.* at 11. He also contends that since Guzman was the person

8

who conducted the investigation and wrote the rules violation report, his testimony "should be considered highly prejudicial and suspect." *Id.* at 11-12.[2]

In his prayer for relief, petitioner requests that the court "declare that the State prison disciplinary hearing on CDC-115 (log #FSP-507-06-002) is invalid," declare that "there is only evidence of possession of heroin," expunge all reference to the disciplinary conviction from his record, and "cease and desist all administrative punishments imposed thereby." *Id.* at 14.

It is well established that inmates subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause but are not entitled to the full panoply of rights afforded to criminal defendants. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985); *United States v. Segal*, 549 F.2d 1293, 1296-99 (9th Cir. 1977) (observing that prison disciplinary proceedings command the least amount of due process along the prosecution continuum). An inmate is entitled to advance written notice of the charge against him as well as a written statement of the evidence relied upon by prison officials and the reasons for any disciplinary action taken. *See Wolff*, 418 U.S. at 563. An inmate also has a right to a hearing at which he may "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 566. *See also Ponte v. Real*, 471 U.S. 491, 495 (1985).

The decision rendered on a disciplinary charge must be supported by "some evidence" in the record. *Hill*, 472 U.S. at 455. A finding of guilt cannot be "without support" or "arbitrary." *Id.* at 457. The "some evidence" standard is "minimally stringent," and a decision must be upheld if there is any reliable evidence in the record that could support the conclusion reached by the fact finder. *Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994) (citing *Hill*, 472 U.S. at 455-

---

[2] Petitioner also claims that his conviction "does not comport with State law." As set forth above, claims based on violations of state law are not cognizable in federal habeas corpus proceedings. *Wilson v. Corcoran*, 131 S. Ct. at 16.

56 and *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987)). *See also Burnsworth v. Gunderson*, 179 F.3d 771, 773 (9th Cir. 1990); *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987). Determining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or the weighing of evidence. *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Indeed, in examining the record, a court is not to make its own assessment of the credibility of witnesses or re-weigh the evidence. *Hill*, 472 U.S. at 455. The question is whether there is any reliable evidence in the record that could support the decision reached. *Toussaint*, 801 F.2d at 1105.

The due process requirement that a disciplinary conviction must be supported by "some evidence" that is "reliable" and not "arbitrary" has been satisfied in this case. Petitioner's conviction was based on: (1) the rules violation report, which reported that 2.77 grams of heroin was found after a search of petitioner's cell; (2) petitioner's admission during the disciplinary hearing that the narcotics in the cell belonged to him; and (3) the contents of the supplemental report, in which Officer Guzman explained his credentials as an expert on narcotics trafficking and stated his opinion that the amount of heroin found in petitioner's cell was substantially more than the common amount an inmate would purchase for personal consumption and could be "cut and sold." When considered together, these three pieces of evidence are sufficient to support the decision reached by the disciplinary hearing officers in this case that petitioner possessed the heroin for purposes of distribution. The decision of the California Superior Court that petitioner's conviction was supported by sufficient evidence, and therefore comported with due process, is not contrary to or an unreasonable application of the federal due process principles set forth above.

////

////

////

### III. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: December 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

11